IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

DENISE K. SAILS,

  Plaintiff,

v.                                                No. 1:22-cv-01068-STA-jay

BLUESCOPE BUILDINGS NORTH
AMERICA, INC.,

  Defendant.

_____

**REPORT AND RECOMMENDATION**
_____

On April 19, 2022, pro se Plaintiff Denise K. Sails filed a Complaint against Defendant Bluescope Buildings North America, Inc. Docket Entry "D.E." 1. The Court issued summons on April 19th, 2022. D.E. 6. On August 26, 2022, the Court entered an Order to Show Cause as to why Plaintiff failed to serve process on Defendant. D.E. 7. The Court allowed Plaintiff twenty-one days to respond. D.E. 7. That deadline lapsed on September 16, 2022. Plaintiff has yet to respond to the Court's Order. For the following reasons, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE**.

**I. PROPOSED CONCLUSIONS OF LAW**

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for insufficient service of process. FED. R. CIV. P. 12(b)(5). Pursuant to Rule 4(l), "[u]nless service is waived, proof of service must be made to the court." FED. R. CIV. P. 4(l)(1). Service of process is insufficient when a party has not complied with Rule 4(m) of the Federal Rules of Civil Procedure, which requires a defendant to be served within ninety days after the

1

complaint is filed. FED. R. CIV. P. 4(m). The rule provides that, if a plaintiff fails to comply, the Court "on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added).

Moreover, Federal Rule of Civil Procedure 41 provides that where "a plaintiff fails to prosecute or to comply with . . . a court order," the court may dismiss the action. FED. R. CIV. P. 41(b). This is true even though the Rule provides dismissal is available upon motion of the defendant. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In *Carpenter*, this Circuit affirmed that "[i]t is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter*, 723 F.3d at 704 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). This Circuit applies a four-factor test to determine if dismissal for failure to prosecute is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Id.* (citing *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001)).

## II. RECOMMENDATION

Under Rule 4(m), Plaintiff had ninety days to serve process on Defendant. FED. R. CIV. P. 4(m). The Complaint was filed, and summons issued, on April 19, 2022. Thus, Plaintiff had until July 18, 2022 to serve Defendant. Under the same rule, the Court issued an Order to Show Cause to Plaintiff. D.E. 7. This afforded Plaintiff an opportunity to explain why Defendant had not yet been served, or alternatively, why Plaintiff had not notified the Court Defendant had been served. D.E. 7. As of the date of this Report and Recommendation, Plaintiff has yet to respond to the Order to Show Cause. Under Rule 4(m), the Magistrate Judge **RECOMMENDS** Plaintiff's

claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for failure to serve process in accordance with the Federal Rules of Civil Procedure.

Moreover, Plaintiff has failed to comply with an order of the Court. Under Federal Rule of Civil Procedure 41, the Magistrate Judge **RECOMMENDS** this case be involuntarily **DISMISSED WITHOUT PREJUDICE** for such failure. The four factors as outlined in *Carpenter* weigh in favor of dismissal. First, the amount of time that has lapsed since both summons issued on April 19, 2022 and since the Court's Order to Show Cause on August 26, 2022, indicate a willful failure on the part of the Plaintiff. The Court has received no communication from Plaintiff since the filing of this lawsuit. If there has been a change of address or a change in circumstance, Plaintiff's failure to notify the Court for over 150 days is a willful failure to communicate.

Second, a dismissal without prejudice will not adversely affect any party. Plaintiff may re-file if she chooses to do so. At this point it appears Defendant is not even aware of the action against them as service has not been effectuated. Therefore, no party will be prejudiced if this action is dismissed.

Third, the Court previously warned Plaintiff that "[f]ailure to timely respond to this Order [to Show Cause] may result in dismissal of Plaintiff's Complaint." D.E. 7 at 2. Thus, Plaintiff has had fair warning that a "failure to cooperate could lead to dismissal." *Carpenter*, 723 F.3d at 704 (internal citations omitted).

Finally, less drastic options have been considered, and executed, prior to this Recommendation for dismissal. As noted, the Court issued an Order to Show Cause on August 26, 2022. D.E. 7. This Order provided Plaintiff twenty-one days to respond. D.E. 7 at 2. Plaintiff has failed to do so.

## III. CONCLUSION

Because Plaintiff failed to properly serve Defendant, and because Plaintiff failed to comply with a court order, the Magistrate Judge RECOMMENDS this case be DISMISSED WITHOUT PREJUDICE.

Respectfully submitted this 22nd day of September, 2022.

        <u>s/Jon A. York</u>
        UNITED STATES MAGISTRATE JUDGE

## NOTICE

**IF DESIRED, AN APPEAL OF THIS REPORT AND RECOMMENDATION TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS REPORT AND RECOMMENDATION. *SEE* 28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**